IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDSAY GROSSCUP, on behalf of herself and all other persons similarly situated, known and unknown | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| KPW MANAGEMENT, INC., and HERE'S WINGS, LLC, | ) ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |
| | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Lindsay Grosscup ("Plaintiff"), on behalf of herself and all other persons

similarly situated, known and unknown, through her attorneys, and for her Complaint against

Defendants KPW Management, Inc. ("KPW") and Here's Wings, LLC ("Here's Wings") (KPW

and Here's Wings, collectively, "Defendants"), states as follows:

**Nature of Plaintiff's Claims**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et*

*seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants'

failure to pay Plaintiff and other similarly-situated servers and bartenders all earned minimum wages.

2.      Along with its subsidiary or affiliated companies, including but not limited to Here's

Wings,[1] KPW operates approximately twenty six (26) franchised Buffalo Wild Wings ("BWW")

---

[1]      KPW's other subsidiary or affiliated companies include the following: Here's Wings
Hoffman Estates, LLC; Here's Wings II – Evanston, LLC; Here's Wings II, LLC; Here's Wings

restaurants in Illinois and Maryland, collectively, which are the subject of this lawsuit.

3. KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, have a policy or practice of paying certain employees at their BWW restaurants, including servers and bartenders, sub-minimum hourly wages under the tip-credit provisions of the FLSA and, in Illinois, the IMWL.

4. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is not permitted to take a tip credit against its minimum wage obligations in any of the following circumstances: (1) when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (2) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs"); (3) when it requires its tipped employees to perform non-tipped work that, although *related* to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek; or (4) when it requires tipped employees to return a portion of their tips to the employer. *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are *unrelated*

---

Northbrook, LLC; Here's Wings Mt. Prospect, LLC; Here's Wings Old Orchard, LLC; Here's Wings Round Lake Beach, LLC; Here's Wings Skokie, LLC; Here's Wings Vernon Hills, LLC; WAA-Annapolis, LLC; WAA-Arundel Mills, LLC; WAA-College Park, LLC; WAA-Columbia Crossing, LLC; WAA Crofton, LLC; WAA Frederick, LLC; WAA-Gaithersburg, LLC; WAA-Haggerstown, LLC; WAA-Lanham, LLC; WAA-Laurel, LLC; WAA Owings Mills, LLC; WAA-Rockville, LLC; WAA-Urbana, LLC; WAA-Vista Gardens, LLC; WAA-Waldorf, LLC; WAA-Westminister, LLC; WAA-Wheaton, LLC ("collectively "subsidiary or affiliated companies" or

to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing *related* but nontipped duties should be paid at the full minimum wage for that time"); *Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (defendant not permitted to take the FLSA tip credit when it took plaintiffs' tips to pay for shortages and unpaid tabs).

5.      KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, violated the FLSA by failing to inform servers and bartenders of the tip-credit provisions of the FLSA.

6.      KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, violated the FLSA by their policy or practice of paying servers and bartenders sub-minimum, tip-credit wages even when they require those employees to perform non-tipped work that is *unrelated* to their tipped occupation (*i.e.*, "dual jobs" of janitor, maintenance person, prep cook, and/or dishwasher), such as: cleaning bathrooms, sweeping, vacuuming, mopping, and deck scrubbing floors, cleaning and bleaching drains, emptying and cleaning trash cans, slicing lemons, limes, and oranges, and regularly washing dishes.

7.      KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, violated the FLSA by their policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it were related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

---

"BWW restaurants").

8.     KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, violated the FLSA by their policy or practice of requiring servers and bartenders to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts and cash drawer shortages.

9.     Like the FLSA, the IMWL limits when an employer may take a "tip credit" against an employee's wages. *Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008, 1011 (N.D. Ill. 2012) ("The FLSA is relevant to the class's IMWL claim because the IMWL parallels the FLSA and the same analysis has generally been applied to both statutes").

10.     KPW and its subsidiary or affiliated companies in Illinois, including but not limited to Here's Wings, violated the IMWL by requiring Plaintiff and other servers and bartenders to perform work outside of their tipped occupation and to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts and cash drawer shortages.

**Jurisdiction and Venue**

11.     This Court has federal question jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

12.     This Court has supplemental jurisdiction over Plaintiff's state law IMWL claims pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**FLSA Collective Action Allegations**

14.     Plaintiff brings this action on behalf of herself and all other similarly-situated servers and bartenders, *see* 29 U.S.C. § 216(b), which are defined as follows:

4

All persons who worked at any of KPW's BWW restaurants, including but not limited to those operated under Here's Wings, in the last three (3) years and who were paid sub-minimum, tip-credit hourly wages (*i.e.*, an hourly rate less than $7.25).[2]

15.     KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, are aware or should have been aware that federal law requires them to pay servers and bartenders full minimum wage when they: (a) fail to inform servers and bartenders of the tip-credit provisions of the FLSA; (b) require servers and bartenders to perform non-tipped work that is (i) *unrelated* to their tipped occupation, or (ii) exceeds 20 percent of their time worked during individual work weeks; or (c) require servers and bartenders to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts and cash drawer shortages.

16.     Plaintiff is similarly situated to other servers and bartenders at KPW's BWW restaurants because those employees were also paid sub-minimum hourly wages while they were subject to the illegal policy or practice of KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, of: (a) failing to inform them of the tip-credit provisions of the FLSA; (b) requiring them to perform non-tipped work that is (i) *unrelated* to their tipped occupation, or (ii) exceeds 20 percent of their time worked during individual work weeks; or (c) requiring servers and bartenders to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts and cash drawer shortages.

17.     There are numerous similarly-situated current and former servers and bartenders who worked at KPW's BWW restaurants who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt in to this lawsuit.

---

[2]     Plaintiff reserves the right to amend this definition based on discovery or legal developments.

18.     Similarly-situated servers and bartenders are known to KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, and are identifiable in their payroll records.

**IMWL Class Action Allegations**

19.     Plaintiff seeks to represent a class of Illinois servers and bartenders under Federal Rule of Civil Procedure 23(b)(3) who are pursuing minimum wages due under the IMWL. The proposed class is defined as follows:

> All persons who worked at any of KPW's BWW restaurants in Illinois, including but not limited to those operated under Here's Wings, in the last three (3) years and who were paid sub-minimum, tip-credit hourly wages (*i.e.*, an hourly rate less than $8.25) ("the Class").[3]

20.     The Class includes over 1,000 members, which satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

21.     The issues involved in this lawsuit present common questions of law or fact sufficient to satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a)(2), including: (1) whether members of the Class were paid sub-minimum, tip-credit hourly rates of pay; (2) whether members of the Class were required to perform work outside of their tipped occupation in violation of the IMWL; and (3) whether members of the Class were required to reimburse the restaurants from their tips, including for customer walkouts and cash drawer shortages, in violation of the IMWL.

22.     Plaintiff and the members of the Class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus additional damages, interest, attorneys' fees and the cost of this lawsuit.

---

[3]     Plaintiff reserves the right to amend this definition based on discovery or legal developments.

23.     Plaintiff's minimum wage claims are sufficiently typical of those of the Class to satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3), because her claims arise from the same policies and practices that apply to all members of the class, including the policy or practice of paying servers and bartenders sub-minimum, tip-credit hourly wages while requiring them to perform work outside the scope of their tipped occupation and to reimburse KPW's BWW restaurants from their tips, including for customer walkouts and cash drawer shortages.

24.     Plaintiff can adequately represent the Class, as required by Federal Rule of Civil Procedural 23(a)(4), because she worked as a server and bartender at one of Defendant KPW's BWW restaurants in Illinois, was paid a sub-minimum, tip-credit hourly rate of pay, performed required work outside the scope of her tipped occupation, and reimbursed Defendants' BWW restaurant from her tips, including for customer walkouts and cash drawer shortages, as required by management.

25.     Plaintiff can also adequately represent the interests of the Class because she has retained counsel that is highly experienced in prosecuting large-scale wage and hour class and collective actions, like this one.

26.     Plaintiff has no interests adverse to the Class nor is she aware of any reason why her claims are subject to unique defenses.

27.     The predominance requirement of Federal Rule of Civil Procedure Rule 23(b)(3) is satisfied because common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the Class, if any.

28.     The superiority requirement of Federal Rule of Civil Procedure 23(b)(3) is satisfied because if individual actions were required to be brought by each member of the Class injured or

affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals

and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for

the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the

Class is entitled.

29.     The books and records of Defendants are material to Plaintiff's action as they disclose

the hours worked by each member of the Class and the rate of pay for that work.

**The Parties**

30.     KPW is an Illinois corporation.

31.     KPW's principal place of business is located at 22285 Pepper Road, Suite 307, Lake

Barrington, Illinois 60010.

32.     The President of KPW is John Weiler.

33.     John Weiler owns, or has an ownership interest in, KPW.

34.     Here's Wings is an Illinois limited liability corporation.

35.     Here's Wings' principal place of business is located at 5655 Brighton Lane,

Algonquin, IL 60102.

36.     Along with Here's Wings, KPW operates a BWW restaurant in Algonquin, Illinois.

37.     During the class period, KPW has also operated BWW restaurants in Evanston,

Hoffman Estates, Northbrook, Mt. Prospect, Round Lake Beach, Skokie, and Vernon Hills, Illinois,

and in Annapolis, Hanover, Baltimore, Bowie, College Park, Columbia, Frederick, Gaithersburg,

Gambrills, Jamsville, Owings Mills, and Rockford, Maryland.

38.     Plaintiff is a domiciliary of McHenry County, Illinois, which is located in this judicial

district.

39.     Defendants have employed Plaintiff as a server and bartender at their BWW restaurant in Algonquin, Illinois since approximately 2007 to present.

40.     Defendants paid Plaintiff less than minimum wage to work as a server and bartender (in the last three years, approximately $4.95 per hour).

41.     Plaintiff only recalls being paid full minimum wage for her brief initial training and one team meeting.

42.     Plaintiff does not recall being informed by Defendants, and believes she was not informed, of the tip-credit provisions of the FLSA.

43.     Defendants required Plaintiff to reimburse the restaurant from her tips when her customers walked out of the restaurant without paying their bills, which she did on at least three occasions in the last three years.

44.     Defendants required Plaintiff to reimburse the restaurant from her tips when the cash drawer was short money, which occurred multiple times in the last three years.

45.     While paying Plaintiff less than minimum wage (in the last three years, approximately $4.95 per hour), Defendants required Plaintiff to spend over 20 percent of her work time – and typically approximately 50 percent of her work time – in one or more individual workweeks performing non-tipped work where she did not interact with customers and could not earn tips.

46.     Below are non-exhaustive examples of the non-tipped work that Defendants required Plaintiff to perform while paying her less than minimum wage:

- Cleaning bathrooms, which included removing trash, mopping the floors, and cleaning toilets, urinals, counters, mirrors, and sinks;[4]

---

[4]     Approximately one month ago, Defendants reassigned bathroom cleaning to the cashiers,

- Cleaning restaurant walls;

- Dusting wood, vents, televisions, and coils on coolers;

- Washing dirty silverware, cups, glassware and other items;

- Slicing lemons, limes, and oranges;

- Sweeping, mopping, and deck scrubbing restaurant floors;

- Refilling "sani" buckets with water and sanitizer in the back of the house;

- Rolling silverware;

- Cleaning the walk in cooler;

- Dusting and cleaning video games;

- Cleaning foot rests and stainless steel;

- Scraping gum off of tables or chairs;

- Cleaning and bleaching drains;

- Emptying and cleaning salt and pepper shakers or refilling them the next morning; and

- Emptying trash and scrubbing and cleaning trash cans.

47.     Defendants required Plaintiff to perform non-tipped opening duties before the restaurant was open to customers, running side-work in between serving customers, "outs" or closing duties after serving customers and/or after the restaurant was closed to customers, and weekly cleaning duties which differed depending on the shift and day of the week.

---

a job position that is paid at least minimum wage.

48.     Plaintiff performed the majority of her non-tipped work before or after serving customers.

49.     Without disrupting Plaintiff's ability to serve customers, Defendants could have changed their policies or practices and permitted Plaintiff to clock in at a full minimum wage job code when she performed non-tipped work, such as that listed in Paragraph 46 above, while clocking in at a server or bartender job code when she served customers and had the opportunity to earn tips.

50.     Also without disrupting Plaintiff's ability to serve customers, Defendants could have reassigned the required non-tipped job duties that Plaintiff performed, such as those listed in Paragraph 46 above, to job positions paid at least full minimum wage.

**KPW and Its Subsidiary or Affiliated Companies, Including but Not Limited to Here's Wings, Are a "Common Enterprise" and "Single Employer"**

51.     KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, are engaged in related activities, *i.e.*, activities which are necessary to the operation and maintenance of their BWW restaurants in Illinois and Maryland.

52.     KPW and its BWW restaurants, including but not limited to Here's Wings, constitute a unified operation as they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose (*i.e.*, generating profits for the common ownership of those companies).

53.     KPW directs the operations of its subsidiary or affiliated companies, including but not limited to Here's Wings, and has control over the compensation and job duties of employees at those BWW restaurants.

54.     John Weiler is the owner, or has an ownership interest in, KPW and each of its BWW restaurants, including but not limited to Here's Wings.

55.     KPW provides human resources services for its BWW restaurants, including but not limited to those operated under Here's Wings.

56.     KPW provides employment policies for its BWW restaurants, including but not limited to those operated under Here's Wings.

57.     KPW provides accounting services for its BWW restaurants, including but not limited to those operated under Here's Wings.

58.     KPW provides advertising and marketing services for its BWW restaurants, including but not limited to those operated under Here's Wings.

59.     Management-level employees at KPW's BWW restaurants are employed by KPW, regardless of the subsidiary or affiliated company under which a particular BWW restaurant location may also operate.

**Common Factual Allegations**

60.     BWW restaurants, including those operated by KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, operate as a chain concept, so that customers can obtain essentially the same food and drink items and experience the same customer service at all BWW restaurants.

61.     KPW and its affiliated or subsidiary companies, including but not limited to Here's Wings, train servers, bartenders, and store managers, to perform the same, or essentially the same, job duties regardless of the BWW location where they are assigned to work.

62.     Certain of KPW's BWW restaurants operate as "training" stores where new managers go to train before being sent to work at another BWW restaurant operated by KPW.

63.     KPW's BWW restaurant locations share managers. That is, certain regional or area managers are responsible for overseeing multiple restaurant locations. *See* Ex. A, Algonquin Buffalo Wild Wings sign instructing employees to call Todd Caporaso, Regional Manager; Group Ex. B, LinkedIn Profiles for Todd Caporaso (Regional Manager at KPW Management), Greg Weber (Area Manager at KPW Management, Hagerstown, Maryland), and James Copek (Area Manager at KPW Management).

64.     During Plaintiff's employment with Defendants, certain new managers trained at the Algonquin, Illinois BWW and then were assigned to work at other BWW restaurants operated by KPW.

65.     During Plaintiff's employment, servers, bartenders, and managers were permitted to transfer, and did transfer, between KPW's BWW restaurants.

66.     Servers and bartenders at KPW's BWW restaurants perform required non-tipped work – work where they do not interact with customers and do not have the opportunity to earn a tip – each shift in addition to serving customers.

67.     Checklists are posted in KPW's BWW restaurants with numerous non-tipped duties that servers and bartenders are required to perform in addition to serving customers. *See* Ex. C, examples of checklists from Algonquin, Illinois restaurant.

68.     Managers verify that servers and bartenders performed the non-tipped work covered in the checklists described in the previous paragraph.

69.     Certain servers and bartenders at KPW's BWW restaurants are required to perform non-tipped work before the restaurants are open to customers.

70.     For example, when Plaintiff is assigned to open the restaurant, she is required to arrive approximately one hour before it opens to customers to complete opening duties.

71.     Servers and bartenders at KPW's BWW restaurants perform required non-tipped work after they are finished serving customers and/or after its restaurants are closed to customers.

72.     KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, have no policies prohibiting servers and bartenders from performing certain types, or excessive amounts, of non-tipped work.

73.     By contrast, other casual dining restaurants, like Applebee's, have implemented policies restricting the types and amounts of non-tipped job duties servers and bartenders may be required to perform. *See* Ex. D, excerpts from Applebee's franchise's See You Tomorrow policy.

74.     KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, do not record or track the amount of time servers and bartenders spend performing non-tipped work.

75.     KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, use a standard point-of-sale system to record hours worked by servers and bartenders at their BWW restaurants.

76.     KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, analyze and evaluate information collected by their point-of-sale system, including labor cost information for each of its restaurants.

77.     Restaurant managers at KPW's BWW restaurant locations are eligible to receive bonuses, in part, based on meeting or exceeding certain labor cost targets.

78.     In the point-of-sale systems at KPW's BWW restaurants, it is possible to create different "clock in" codes that would allow servers and bartenders at those restaurants to clock in at the full minimum wage rate when performing non-tipped work, while clocking in at a sub-minimum, tip-credit wage rate when serving customers.

79.     Servers and bartenders at KPW's BWW restaurants were not allowed to clock in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

### COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action

80.     Plaintiff realleges and incorporates the previous paragraphs of this Complaint as if fully set forth in this Count.

81.     This Count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay minimum wages to Plaintiff and similarly situated servers and bartenders.

82.     Plaintiff brings this Count as a collective action under Section 16(b) of the FLSA.

83.     Plaintiff's consent form to act as a representative plaintiff is attached hereto as Exhibit E.

84.     Defendants, individually and collectively, are Plaintiff's "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

85.     Plaintiff is an "employee" of each Defendant as defined by the FLSA. 29 U.S.C. § 203(e)(1).

86.     During the entire course of her employment by Defendants, Plaintiff has not been exempt from the minimum wage provisions of the FLSA.

87.     In one or more individual workweeks during her employment (and in fact, in virtually every workweek of her employment), Plaintiff's average weekly wages (*i.e.* total weekly compensation paid by Defendants divided by total weekly hours), fell below minimum wage.

88.     Defendants, individually and collectively, are an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

89.     Defendants, individually and collectively, are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

90.     Defendants' annual gross volume of sales made or business done, individually and collectively, has exceeded $500,000 in each of the last three calendar years.

91.     Along with its subsidiary or affiliated companies, including but not limited to Here's Wings, KPW violated the FLSA by requiring Plaintiff and similarly-situated servers and bartenders to perform non-tipped work that is ***unrelated*** to their tipped occupation while paying them less than minimum wage, such as: cleaning bathrooms, sweeping, vacuuming, mopping, and deck scrubbing floors, cleaning and bleaching drains, emptying and cleaning trash cans, slicing lemons, limes, and oranges, and regularly washing dishes.

92.     Along with its subsidiary or affiliated companies, including but not limited to Here's Wings, KPW violated the FLSA by requiring Plaintiff and similarly-situated servers and bartenders to perform non-tipped work that, even if related to their occupation, exceeded twenty (20) percent of their time worked in one or more individual workweeks without paying them full minimum wage.

93.     KPW and its subsidiary or affiliated companies, including but not limited to Here's

Wings, violated the FLSA by taking a tip credit against the minimum wages of Plaintiff and similarly

situated servers and bartenders without informing them of the tip credit provisions of the FLSA.

94.     Finally, KPW and its subsidiary or affiliated companies, including but not limited to

Here's Wings, violated the FLSA by requiring Plaintiff and similarly situated servers and bartenders

to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts

and cash drawer shortages.

95.     KPW and its subsidiary or affiliated companies, including but not limited to Here's

Wings, willfully violated the FLSA.

WHEREFORE, Plaintiff, on behalf of herself and similarly-situated servers and bartenders,

prays for judgment against Defendants as follows:

   A.     judgment in the amount of the owed minimum wages for all time worked by Plaintiff
          and similarly-situated servers and bartenders;

   B.     liquidated damages in an amount equal to the amount of unpaid minimum wages;

   C.     reasonable attorneys' fees and costs incurred in prosecuting this action; and

   D.     such other and further relief as this Court deems just and proper.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### Class Action (Illinois restaurants only)

96.     Plaintiff incorporates the paragraphs set forth above.

97.     This count arises from Defendants' violation of the Illinois Minimum Wage Law,

820 ILCS 105/1, *et seq*., for their failure to pay Plaintiff and the class of servers and bartenders

that she seeks to represent all earned minimum wages.

98.     Plaintiff brings this Count II as a class action under Rule 23 of the Federal Rules

of Civil Procedure.

99.　　At all times relevant hereto, Plaintiff was an "employee" of Defendants as defined by the IMWL, 820 ILCS 105/3(d).

100.　　At all times relevant hereto, Defendants, individually and collectively, were Plaintiff's "employer" as defined in the IMWL, 820 ILCS 105/3(c).

101.　　At all times relevant hereto, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

102.　　During the class period, KPW and its subsidiary or affiliated companies, including but not limited to Here's Wings, have had a policy or practice of paying Plaintiff and the Class, as defined in Paragraph 19, sub-minimum, tip-credit wage rates, even though they require those employees to perform work in non-tipped occupations – such as cleaning bathrooms, sweeping, vacuuming, mopping, and deck scrubbing floors, cleaning and bleaching drains, emptying and cleaning trash cans, slicing lemons, limes, and oranges, and regularly washing dishes – and require them to return a portion of their tips to the restaurants, including to cover the cost of customer walkouts and cash drawer shortages.

WHEREFORE, Plaintiff and the Class pray for judgment against Defendants as follows:

A.　　judgment in the amount of all unpaid minimum wages due as provided by the Illinois Minimum Wage Law;

B.　　interest penalties pursuant to the formula set forth in 820 ILCS 105/12(a);

C.　　reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D.　　such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

18

Dated:  June 22, 2016

                                               Respectfully submitted,

                                               s/Douglas M. Werman_____
                                               One of the Attorneys for Plaintiff

Douglas M. Werman – dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff